UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                Plaintiff,<br>    v.<br>SOPHAT LAEM,<br>               Defendant. | Case No. 00-cr-00080-MHP-1  (JD)<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 253 |

The motion to dismiss the indictment, which was filed pro se by defendant Laem in this long-dormant case, is denied. Dkt. No. 253.

The docket indicates that Laem pleaded guilty to the charge in the indictment in May 2003, Dkt. No. 142, and was sentenced to a term of 30 months in custody in December 2003, Dkt. No. 179. A judgment was entered against him on December 18, 2003. Dkt. No. 183. Laem filed a habeas petition under 28 U.S.C. § 2255 in January 2004, Dkt. No. 188, which was denied in February 2005, Dkt. No. 234. The docket suggests that Laem unsuccessfully appealed the denial to the circuit court in 2005. *See* Dkt. Nos. 239, 242.

Why Laem filed a motion to dismiss at this late date, which is well after his case closed and his prison sentence was served, is not at all clear. He pleaded guilty to the indictment, was sentenced, and failed to obtain habeas relief. There is nothing left to dismiss. To the extent the motion might be construed as a second habeas petition under 28 U.S.C. § 2255, the Court has no jurisdiction to hear it. The Antiterrorism and Effective Death Penalty Act "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). The Court may consider a successive motion only if the Ninth Circuit certifies that it is based on new evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder

would have found the defendant guilty of the offense, or a new rule of constitutional law that was previously unavailable and has been made retroactive.  28 U.S.C § 2255(h); *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015); *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).  If the defendant does not first obtain authorization to proceed from the circuit court, "the district court lacks jurisdiction to consider the second or successive application."  *Ezell*, 778 F.3d at 765 (quoting *Lopez*, 577 F.3d at 1061).  That is the situation here.

No further filings will be entertained in this closed case.

**IT IS SO ORDERED.**

Dated:  October 7, 2021

JAMES DONATO
United States District Judge